UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

VANIA NOEL

    Plaintiff,

v.

NIDAL RADWAN, MD, PA, AND
NIDAL RADWAN, MD,

    Defendant,
_____/

## **COMPLAINT**

Plaintiff, VANIA NOEL ("Noel" or "Plaintiff"), sues the Defendants, NIDAL RADWAN, MD, PA and NIDAL RADWAN, MD, PA ("Dr. Radwan") (collectively the "Defendants"), and alleges:

1. This is an action to recover money damages for unpaid minimum wage and salary under the laws of the United States and under Chapter 448, Florida Statutes. This is also an action under Florida common law and for attorney's fees thereon pursuant to Florida Statutes, § 448.08.

2. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

3. The Court has supplemental jurisdiction over the state law unpaid wages claims brought under Chapter 448, Florida Statutes. The facts regarding Plaintiffs' state law claims are so related to the Federal claims that they form part of the same case or controversy.

4. The Corporate Defendant, NIDAL RADWAN, MD, PA. is a Florida for-profit corporation, which at all times relevant to this Complaint had its main place of business in Miami-Dade County, and at all times material hereto were and is engaged in interstate commerce.

5. The Individual Defendant, NIDAL RADWAN, MD is an individual whose, on information and belief, primary place of residence is Miami-Dade County, Florida, and at all times relevant was owner of NIDAL RADWAN, MD, PA.

6. Plaintiff is a resident of Miami-Dade County, Florida, and is within the jurisdiction of this Honorable Court, and is a covered employee for purposes of the Act.

7. During her employment with Defendants Plaintiff's primary place of work was in Miami-Dade County Florida, within the jurisdiction of this Honorable Court. The acts or omissions giving rise to this Complaint occurred in whole or in part in Miami-Dade County, Florida.

8. All conditions precedent to bringing this action have occurred, been performed, or been excused.

9. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

## GENERAL ALLEGATIONS

10. Plaintiff is a licensed practical nurse who worked with for the Defendants from 2015 until March 2022.

11. During her employment Plaintiff saw patients on Defendants' behalf in the office, at nursing homes, hospitals, and subacute hospitals.

12. On average Plaintiff saw a total of 140 patients a month.

13. Plaintiff was compensated by the number of patients' notes she completed.

14. Plaintiff was paid $45.00 for each history and physical note, and $25.00 for each progress note.

15. For the majority of her employment Plaintiff was paid for her work as agreed, thus her long history with Defendant.

16. However, this inexplicably changed towards the end of 2021.

17. Although she continued to see her normal caseload of patients and completed their notes, Plaintiff was not paid at all for her work from November 2021 through February 2022.

18. In total Ms. Noel is owed over $46,000.00 in unpaid wages.

## COUNT I
## WAGE AND HOUR FEDERAL STATUTORY VIOLATION BY PLAINTIFF

19. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-18 above as if set out in full herein.

20. This action is brought by Plaintiff to recover from Defendants unpaid minimum wages, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 206.

21. Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b). Defendants are, at all times pertinent to this Complaint, engaged in interstate commerce.

22. Upon information and belief, the annual gross revenue of Defendants was at all times material hereto in excess of $500,000.00 per annum, and/or Plaintiff, by virtue of working in interstate commerce, otherwise satisfies the FLSA's coverage requirements.

23. At all times material hereto, Defendants, failed to comply with Title 29 U.S.C. §§ 201-219 in that Plaintiff performed services for Defendants but no provision was made by Defendants to properly pay his mandatory minimum wage rate required by the FLSA.

24. From November 2021 through February 2022, Plaintiff worked on a variable schedule but was on call nearly 24 hours a day, however she was not paid at all for her work during that time, which means that Plaintiff was paid at the rate below the required minimum wage.

25. Defendants knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of minimum wages as required by the FLSA and remain owing Plaintiff mandatory minimum wages since the commencement of Plaintiff's employment with Defendants as set forth above, and Plaintiff is entitled to recover double damages.

26. Defendants willfully and intentionally refused to pay Plaintiff minimum wages as required by the law of the United States as set forth above and remain owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants as set forth above.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff requests that this Honorable Court:

a) Enter judgment for Plaintiff and against the Defendants on the basis of Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

b) Award Plaintiff actual damages in the amount shown to be due for unpaid wages, with interest; and

c) Award Plaintiff an equal amount in double damages/liquidated damages; and

d) Award Plaintiff reasonable attorneys' fees and costs of suit; and

e) Grant such other and further relief as this Court deems equitable and just and/or

available pursuant to Federal Law.

## COUNT II
## WAGE AND HOUR VIOLATION BY PLAINTIFF
## AGAINST NIDAL RADWAN, MD

27. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-18 above as if set out in full herein.

28. At the times mentioned, Defendant Radwan was, and is now, the owner of NIDAL RADWAN, MD, PA. Defendant Radwan was an employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the Act [29 U.S.C. § 203(d)], in that this defendant acted directly or indirectly in the interests of NIDAL RADWAN, MD, PA in relation to the employees of NIDAL RADWAN, MD, PA, including Plaintiff and others similarly situated. Defendant Radwan had operational control of NIDAL RADWAN, MD, PA, was involved in the day-to-day functions of NIDAL RADWAN, MD, PA, provided Plaintiff with her work schedule, and is jointly liable for Plaintiff's damages.

29. Defendant Radwan is and was, at all times relevant, a person in control of NIDAL RADWAN, MD, PA's financial affairs and can cause NIDAL RADWAN, MD, PA to compensate (or not to compensate) its employees in accordance with the Act.

30. Defendant Radwan willfully and intentionally caused Plaintiff not to receive minimum wage as required by the laws of the United States as set forth above and remains owing Plaintiff these wages since the commencement of Plaintiff's employment with the NIDAL RADWAN, MD, PA as set forth above.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests that this Honorable Court:

a) Enter judgment for Plaintiff and against Defendant Radwan on the basis of

    Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

  b) Award Plaintiff actual damages in the amount shown to be due for unpaid wages, with interest; and

  c) Award Plaintiff an equal amount in double damages/liquidated damages; and

  d) Award Plaintiff reasonable attorneys' fees and costs of suit; and

  e) Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## COUNT III
## UNPAID SALARY UNDER FLORIDA COMMON LAW
## AND SECTION 448.08, FLORIDA STATUTES

31. Plaintiffs re-adopt each factual allegation as stated in paragraphs 1-18 above as if set out in full herein.

32. Plaintiff was employed by Defendants from 2015 through March 2022, and was paid by the number of progress notes she completed when seeing patients

33. Plaintiff was paid $45.00 for each history and physical note, and $25 for each progress note.

34. However, from November 2021 through February 2022, Plaintiff was not paid at all for her work

35. Plaintiff was employed by Defendants as Assistant to the CEO. All the hours worked by Plaintiffs occurred in whole or in part in within the State of Florida.

36. In total Defendants owe Plaintiff $46,000.00 earned under Florida common law and attorneys' fees and costs incurred pursuing this action under Florida Statutes, Section 448.08, should Plaintiff prevail on this claim.

**WHEREFORE**, Plaintiff, requests that this Honorable Court:

a) Award Back pay in the form of lost salary, including lost benefits, plus interest;

b) Award Costs of this action, together with reasonable attorneys' fees;

c) Award Post-judgment interest; and

d) Grant such other and further relief as this Court deems equitable and just.

## JURY DEMAND

Plaintiff demands trial by jury of all issues so triable as of right.

Dated: November 22, 2022.

<u>s/ Brandon J. Gibson</u>
Brandon J. Gibson
Florida Bar No: 0099411
E-mail: bgibson@rtrlaw.com
REIFKIND, THOMPSON, & RUDZINSKI, LLP
3333 W. Commercial Blvd, Ste. 200
Ft. Lauderdale, Florida 33309
Telephone: (954) 370-5152
Facsimile: (954) 370-1992
*Counsel for Plaintiff(s)*